UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS, | Case No.: 1:25-cv-01347-EGC (PC) |
| Plaintiff, | **FIRST SCREENING ORDER** |
| v. | |
| MINA BUSHAR, | |
| Defendant. | |

Plaintiff Devonte B. Harris is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.[1]

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

//

---

[1] Plaintiff paid the full filing fee on December 22, 2025.

## II.    PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

2

section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III.    DISCUSSION

#### A.    Plaintiff's Complaint

Plaintiff names Mina Bushar, a psychiatrist at Kern Valley State Prison (KVSP), as the sole defendant in this action. (Doc. 6 at 1-2.) He asserts an Eighth Amendment failure to protect claim (*id*. at 3-4) and a state law malpractice claim (*id*. at 5). Plaintiff seeks compensatory damages of $150,000 and punitive damages of $150,000. (*Id*. at 7.)

#### B.    Plaintiff's Claims

##### Claim One: Factual Allegations

Plaintiff contends that on February 14, 2024, he was housed in Facility C, Building 7, Cell 217 in B Pod at KVSP. (Doc. 6 at 3.) He asserts that inmate Jonathan Pugh was housed in adjacent Cell 216. (*Id*. at 4.) On that date, the control booth officer released Plaintiff and Pugh to the dayroom to obtain medication from the psychiatric technician. (*Id*.) Once the medication was obtained, as "the Audio Video Surveillance System" footage will show, Plaintiff asserts he and Pugh were returning to their cells when Plaintiff "reached down to pick up some commissary items Pugh purportedly had for" him when Pugh scalded Plaintiff "with boiling water from a

rigged hot pot." (*Id*.) Plaintiff contends "CDCR mental staff had Pugh on court-ordered involuntary medication at the time" and Defendant Bushar "had recently renewed for a year due to Pugh being a 'Danger to others' and 'gravely disabled.'" (*Id*.) Plaintiff asserts Pugh "lacked the capacity to accept [or] refuse psychiatric medication, was hostile to [taking] psychiatric medication and thus, a high risk for diverting his psychiatric medication." (*Id*.) Plaintiff contends Bushar "deemed it necessary and clinically indicated to monitor Pugh's medication levels to ensure presence in his bloodstream by ordering at least 4 blood tests." (*Id*.) Further, Plaintiff asserts he witnessed Pugh "refuse every single blood test and faithfully divert his medication." (*Id*.) Plaintiff alleges Bushar knew Pugh lacked the capacity to refuse blood tests, was a high risk for medication diversion, that Pugh was a danger to others, including Plaintiff, but failed to take reasonable actions to "enforce a blood test to confirm the presence of involuntary psychiatric medication in Pugh's bloodstream." (*Id*.) Plaintiff maintains Bushar's inaction was unreasonable and proximately caused his injuries. (*Id*.)

Plaintiff asserts he suffered severe burns "charring half of [his] face," causing the skin to peel and severe burns to his chest, back, and neck, causing peeling and permanent scarring. (Doc. 6 at 3.)

Claim One: The Applicable Legal Standards

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America,* 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) & *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, 714 F.3d at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety." *Farmer*, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence,

4

... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. *Id*. at 832-33; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). As "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis & citations omitted).

To state a claim, the Eighth Amendment requires allegations sufficient to plausibly show that prison officials were deliberately indifferent to a substantial risk of harm or safety. *Farmer*, 511 U.S. at 847. The objective component of an Eighth Amendment requires that a prisoner show he was deprived of something "sufficiently serious." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837.

Claim One: Analysis

Liberally construing the complaint and accepting all facts as true, the Court finds Plaintiff plausibly alleges an Eighth Amendment failure to protect claim against Defendant Bushar. Plaintiff contends Bushar knew of and disregarded an excessive risk to his safety by failing to ensure inmate Pugh, known to present a danger to others, was taking his psychiatric medication as ordered by Bushar, resulting in Plaintiff suffering severe burns to his face and body after Pugh scalded Plaintiff with boiling water. *Farmer*, 511 U.S. at 837, 842, 847; *Wilson*, 501 U.S. at 297; *Labatad*, 714 F.3d at 1160; *Foster*, 554 F.3d at 812.

Claim Two: Factual Allegations

Plaintiff alleges that Defendant Bushar did not exercise a reasonable degree of skill, knowledge, or care ordinarily possessed and exercised by a psychiatrist in the same circumstances. (Doc. 6 at 5.) Plaintiff contends therefore that Bushar "is liable for the known

5

dangers to others of Jonathan Pugh." (*Id*.) Plaintiff further asserts he filed a government claim form, number GPC202403183, that was rejected on September 5, 2024, and "fully exhausted a health care grievance" in log number KVSP HC 24000303. (*Id*.)

Claim Two: The Applicable Legal Standards

In California, to prevail on a medical malpractice claim, a plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of [their] profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Hanson v. Grode*, 76 Cal.App.4th 601, 606 (1999) (internal quotation & citation omitted). "The standard of care in a medical malpractice case requires that medical service providers exercise that degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances." *Barris v. County of Los Angeles*, 20 Cal.4th 101, 108 n.1 (1999).

To bring a tort claim under California law, a plaintiff must also allege compliance with the California Government Claims Act. Under the Act, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Govt. Code §§ 905, 911.2(a), 945.4 & 950.2; *see also Klein v. City of Laguna Beach*, 533 Fed. Appx. 772, 774 (9th Cir. 2013) (dismissing claims for failure to comply with the California Government Claims Act). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240 (2004).

Claim Two: Analysis

Liberally construing the complaint and accepting all facts as true, Plaintiff plausibly alleges a state law professional negligence claim against Defendant Bushar. Plaintiff alleges that Bushar, a psychiatrist, failed to exercise his duty of reasonable care, and breached that duty, when Bushar failed to ensure Pugh — who had been ordered to submit to involuntary psychiatric medications — was taking his psychiatric medication, and because of Bushar's negligence, Pugh

6

attacked Plaintiff causing severe burns to his face and body. *Barris*, 20 Cal.4th at 108 n.1; *Hanson*, 76 Cal.App.4th at 606. Moreover, Plaintiff has adequately pled compliance with the California Government Claims Act. *Klein*, 533 Fed.Appx. at 774; *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D. Cal. 2008) (state law tort claims included in a federal action filed pursuant to § 1983 may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement).

### IV.    CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's complaint states cognizable Eighth Amendment failure to protect and state law professional negligence claims against Defendant Bushar. The Court will issue a separate order directing service of the complaint.

IT IS SO ORDERED.

Dated:   __**May 5, 2026**__                         _____
                                                     UNITED STATES MAGISTRATE JUDGE